■ CRAIG ROBINS et al., Respondents, v HARRY KARP, Appellant, and PETER KOVACS, Respondent, et al., Defendant. — Judgment, Supreme Court, Bronx County (Alfred Callahan, J.), entered on January 10, 1983, unanimously affirmed, without costs and without disbursements. Concur — Ross, J. P., Lynch, Milonas and Kassal, JJ.

Silverman, J., concurs in the following memorandum. The documentary evidence is at least consistent with the view that the original purchase agreement was superseded by the later loan agreement, so that instead of an absolute contract of purchase and sale, there was a loan from plaintiffs to defendant-appellant Karp with an option, but only an option, in the defendant to deliver the stock and proprietary lease to plaintiffs in satisfaction of the loan. This view seems to me to be particularly supported by the provision of the promissory note that if the borrower (defendant) does not for any reason convey the stock on or before November 1, 1981 to plaintiffs, then the borrower shall pay to the lender principal and interest at the rate of 18% per annum in equal monthly installments, and the further provisions that the borrower can prepay the amounts due at any time and that if the borrower defaults, the lender can sell the property and apply the proceeds to what is owed. All of these provisions are much more consistent with a secured loan with an option in the borrower (defendant) to satisfy the loan by exercising his option to sell rather than an absolute agreement of sale for a price equal to the amount of the "loan." However, the documents are sufficiently ambiguous so as not to preclude the possibility that oral testimony may lead to a different interpretation. Here there was a trial with oral testimony. We have not been furnished with a transcript or other record of that testimony. In the circumstances, we are bound by the findings of fact of the Trial Judge. Implicit in those findings is a finding that the original contract of sale continued in full force and effect.